IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEILANI K. PELTIER,<br><br>Plaintiff,<br><br>v.<br><br>FOODLAND, *et al.*,<br><br>Defendants. | Case No. 22-cv-00398-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |

On August 31, 2022, Plaintiff Leilani Peltier, proceeding pro se, filed a Complaint against three Defendants, Foodland, Justin Piposo, and Gorge Ayala (collectively, "Defendants"), alleging that she was wrongfully terminated from her position at Foodland. Dkt. No. 1 at 5. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

I.   **IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution,

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, on the current record, Plaintiff has made a sufficient showing under Section 1915(a) to proceed in this case without prepaying the required fees. In the IFP Application, Plaintiff states that she is employed and takes home pay of $1,200 every 2 weeks. Plaintiff further states that she has $749 in a bank account. Plaintiff also states that she has various monthly expenses, including rent, utilities, and food, of a little under $2,400 per month in total, as well as a 17-year-old son as a dependent. In light of these figures, although Plaintiff's current income does not fall below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2022 Poverty Guidelines, *see* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines, once her monthly expenses are taken into account, Plaintiff's income is essentially break-even. As a result, on this record, the Court does not find that Plaintiff is able to pay the $402 filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The same is true of Plaintiff's assets. As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

## II.     Screening[2]

The Court liberally construes a pro se complaint.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Complaint, prepared on a Court prepared form for "Violation[s] of Civil Rights[,]" alleges that, on November 9, 2021, Defendants Justin Piposo and Gorge Ayala "fraudulently rewrote" and signed Peltier's name on a statement that they then handed to Foodland's Human Resources.  Dkt. No. 1 at 5.  Peltier appears to further allege that, due to her 15 years of employment with Foodland, Foodland should have known that the statement was fraudulent because Foodland "has record of my previous filed penmenship."  Peltier concludes by alleging that the above-stated fraud resulted in her termination.  *Id*.  No other facts are alleged in the Complaint.  Perhaps more importantly at the present juncture, no basis for federal subject matter jurisdiction is alleged either.  Notably, in the "Basis for Jurisdiction" section of the form Complaint, Peltier either checks no boxes or

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

writes "none" next to all of the available jurisdictional options. *Id*. at 4. Perhaps, this may be due to the fact that Peltier selected the wrong prepared form. Specifically, in choosing the form for "Violation[s] of Civil Rights[,]" Peltier selected the form that concerns violations of civil rights by state, local, and/or federal officials. In other words, none of the Defendants named in the Complaint. Moreover, based upon the facts alleged, the Court cannot discern any federal basis for jurisdiction here. As a result, the Complaint must be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 8(a)(1)-(2) (requiring a short and plain statement of the court's jurisdiction and "the claim showing that the pleader is entitled to relief[.]").

Dismissal, however, is without prejudice and with leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (explaining that "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Should Plaintiff choose to amend the Complaint, among other things, she must allege the basis for federal subject matter jurisdiction in this case. More specifically, Plaintiff must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each

defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (6) what specific injury she suffered because of a defendant's conduct.

Finally, in light of the possible misplaced use of one of the Court's prepared forms, with this Order, the Court shall also send to Plaintiff copies of (1) a "Complaint for a Civil Case" and (2) a "Complaint for Employment Discrimination." Should Plaintiff choose to use one of the forms mailed to her in amending her Complaint, she is only allowed to file **one** of those documents. While the Court provides the documents for Plaintiff's convenience, it is up to her to decide which, if either, is best to present her claim(s) in this case.

### III. Conclusion

Plaintiff may have until **October 7, 2022** to file an amended complaint. **The Court cautions Plaintiff that failure to file an amended complaint by October 7, 2022 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Plaintiff a copy of (1) form "Pro Se 1" "Complaint for a Civil Case" and (2) form "Pro Se 7" "Complaint for Employment Discrimination."

IT IS SO ORDERED.

Dated: September 16, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Peltier v. Foodland, et al.*, Case No. 22-cv-00398-DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**