IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEILANI K. PELTIER,<br><br>Plaintiff,<br><br>v.<br><br>FOODLAND, *et al.*,<br><br>Defendants. | Case No. 22-cv-00398-DKW-WRP<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**[1] |

On September 16, 2022, the Court, among other things, granted Plaintiff Leilani Peltier leave to proceed without prepaying fees or costs in this case, but dismissed her Complaint with leave to amend for failure to allege a basis for federal subject matter jurisdiction. Dkt. No. 8.[2] In allowing Peltier leave to amend, the Court specifically instructed her that, should she choose to amend the Complaint, she must allege the basis for federal subject matter jurisdiction in this case. *Id*. at 4.

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

On September 27, 2022, Peltier, still proceeding pro se, filed an Amended Complaint, again naming Foodland, Justin Piposo, and Gorge Ayala as defendants (collectively, "Defendants"). Dkt. No. 9. She alleges that, after being involved in a "minor altercation" with Ayala, she was suspended and asked to write an incident report on the matter. *Id*. at 5. She further alleges that, roughly six weeks later, during a meeting that was held to discuss the incident, she noticed that the incident report under review was not the one she had written. She alleges that "[i]t became evident that Justin or Gorge fraudulently rewrote my incident report and submitted that to Foodland HR." She further alleges that Foodland "disregarded" her appeal and terminated her due to the "fraudulent" document. *Id*. With respect to the basis for subject matter jurisdiction, Peltier checked a box indicating that she believes a federal question exists here, citing to 18 U.S.C. Section 1028 as the purported federal question. *Id*. at 4.

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, however liberally the Court construes the Amended Complaint, federal subject matter jurisdiction does not exist as alleged. Most notably, although Peltier brings a *civil* case here, the only basis for a federal question to which she cites is a federal *criminal* statute. This is something she cannot do. *See, e.g., Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, 2020 WL 3490027, at *2 (D. Haw. June 26, 2020) (collecting cases and explaining that "courts consistently dismiss civil causes of action based on criminal statutes…."). As a result, the Amended Complaint must be DISMISSED for failure to allege any valid subject matter jurisdiction. *See* Fed.R.Civ.P. 8(a)(1)-(2) (requiring a short and plain statement of the court's jurisdiction and "the claim showing that the pleader is entitled to relief[.]").

Dismissal, however, is without prejudice and with leave to amend. Should Plaintiff choose to file another amended complaint, among other things, she must allege a valid basis for federal subject matter jurisdiction in this case. More specifically, Plaintiff must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's

right(s); and (6) what specific injury she suffered because of a defendant's conduct. So it is clear, citation to federal or state criminal statutes is <u>not</u> a valid basis for federal subject matter jurisdiction.

Finally, in light of the earlier dismissal in this case, and the second one contained herein, the Court forewarns Peltier that, if she fails to allege a valid basis for subject matter jurisdiction in any amended complaint she may file, this case will be dismissed <u>without</u> further leave to amend.

Peltier may have until **October 20, 2022** to file an amended complaint. **The Court cautions Peltier that failure to file an amended complaint by October 20, 2022, consistent with the guidance provided by the Court, will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Peltier a copy of "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: October 3, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Peltier v. Foodland, et al.*, Case No. 22-cv-00398-DKW-WRP; **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**